This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Steven Ciesla appeals from his conviction and sentence in the Summit County Court of Common Pleas. We affirm.
On October 18, 1999, Appellant pleaded guilty to one count of aggravated burglary (a first degree felony), aggravated robbery (a first degree felony), and attempted rape (a second degree felony). A presentence investigation report (PSI) was ordered.
A sentencing hearing was held on November 15, 1999. Another hearing on Appellant's status under the sexual predator laws was held on November 22, 1999; during that hearing, sentencing was also addressed. Appellant's sentence was not journalized until April 26, 2000. The trial court imposed prison terms of ten years for aggravated burglary (the maximum sentence), ten years for aggravated robbery (the maximum sentence), and five years for attempted rape. It was also ordered that the three sentences run Cconsecutively, for an aggregate prison term of twenty-five years. Appellant timely appealed, raising two assignments of error.
 I.
Appellant's first assignment of error states:
 THE TRIAL COURT ERRED IN ORDERING THE MAXIMUM SENTENCE TO BE SERVED FOR THE PUNISHMENT OF THE CRIMES OF AGGRAVATED BURGLARY AND AGGRAVATED ROBBERY IN THE ABSENCE OF ANY EVIDENCE IN THE RECORD OF ANY OF THE FACTORS ENUMERATED IN R.C. 2929.14(B) AND (C), AND IN THE ABSENCE OF ANY FINDING OF SUCH FACTORS ON THE RECORD.
Appellant contends that the trial court should not have imposed maximum prison terms for aggravated burglary and aggravated robbery. He asserts that the record does not support the sentences and that the requisite findings to impose greater than the minimum sentence and the maximum sentence were not made. We disagree.
We may vacate or modify a sentence only if we clearly and convincingly find that one of four conditions exists. R.C. 2953.08(G)(1). The only applicable conditions to the case at bar are whether the record supports the sentence, R.C. 2953.08(G)(1)(a), or whether the sentence is contrary to law, R.C. 2953.08(G)(1)(d).
Aggravated burglary and aggravated robbery are first degree felonies. The possible prison terms for a first degree felony are for three, four, five, six, seven, eight, nine, or ten years. If the offender has not previously served a prison term, the trial court is to impose the shortest prison term authorized (here, three years) "unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender[.]" R.C. 2929.14(B).
The maximum prison term may be imposed "only upon offenders who committed the worst forms of the offense [or] upon offenders who pose the greatest likelihood of committing future crimes[.]" R.C. 2929.14(C). The trial court must also make a finding of the required factors and the reasons supporting the sentence. R.C. 2929.19(B)(2)(d); see, also, R.C.2929.19(B)(2)(e).
In the case at bar, the trial court stated on the record at sentencing, and again in the sentencing journal entry, that it found that the minimum prison sentence would demean the seriousness of the offense. Thus, the sentence complies with R.C. 2929.14(B).
The sentence also complies with R.C. 2929.14(C). The trial court stated in its sentencing entry that the maximum sentences were imposed on those two offenses "due to this being one of the worst forms of the offense, as a knife was used by the Defendant, and the victim was choked by her assailant to the point of unconsciousness. The Court also finds that, given the Defendant's brazen and violent conduct, he has a high likelihood of committing future crimes." The trial court also gave several compelling reasons, based on the victim impact statement and the PSI, that adequately support the imposition of maximum sentences.
We also conclude that the record supports the sentences. Appellant broke into the victim's home, threatened her with a knife, choked her to unconsciousness, and robbed the home. In the PSI, Appellant claimed that the victim was "coming onto him," demonstrating a lack of remorse or sense of proportion.
We cannot find clearly and convincingly that the sentences are contrary to law under R.C. 2929.14(B) or (C) or 2929.19(B)(2)(d) or (e). We also cannot find clearly and convincingly that the record fails to support the sentence. The first assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 THE TRIAL COURT ERRED IN ORDERING THE SENTENCES TO BE SERVED CONSECUTIVELY IN THE ABSENCE OF ANY EVIDENCE IN THE RECORD OF ANY OF THE FACTORS ENUMERATED IN R.C. 2929.14(E), AND IN THE ABSENCE OF ANY FINDING OF SUCH FACTORS ON THE RECORD.
Appellant contends that the trial court should not have ordered the sentences to be served consecutively. He argues that the requisite findings are absent and that the record does not support the imposition of consecutive prison terms. We disagree.
R.C. 2929.14(E)(4) requires a trial court to make three findings before prison terms may be imposed consecutively.
 [T]he court may require the offender to serve the prison terms consecutively if the court finds [1] that the consecutive service is necessary to protect the public from future crime or to punish the offender and [2] that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and [3] if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Id. The trial court must also give its reasons for imposing the consecutive sentences. R.C. 2929.19(B)(2)(c).
Relevant to this assignment of error, the trial court made the following findings in the sentencing journal entry:
 [C]onsecutive sentences are necessary to protect the public from future crime, as well as to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct, and to the danger that the offender poses to the public.
* * *
 The necessity to protect the public from future crimes and punish the offender is necessitated by several factors, including the fact that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct * * * adequately reflects the seriousness of the offender's conduct[.]
At the hearing, the trial court stated that the victim and her family had suffered psychological harm to an extent never seen before by the court. The court also noted that the sentence was not disproportionate and that other offenders who were sentenced for entering a dwelling and committing a sexual offense had received more severe sentences than Appellant.
We find that the trial court complied with R.C. 2929.14(E)(4) and 2929.19(B)(2)(c). The requisite findings appear in the record and are supported by adequate reasons. Furthermore, we cannot say that the record does not support the trial court's sentence as punishment for Appellant's behavior. The second assignment of error is overruled.
Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 ___________________________ WILLIAM R. BAIRD
BATCHELDER, P. J., CARR, J., CONCUR